L.M. P<small>ARMENTER</small>, S<small>TATE</small> B<small>AR</small> N<small>O</small>.176196
**P<small>ARMENTER</small> L<small>AW</small> O<small>FFICES</small>**
501 B Street, Suite 200
San Rafael, CA 94901
Tel / Fax: (415) 738-7901

Attorneys for Plaintiff
**M<small>ICHAEL</small> O. E<small>ATON</small>**

# UNITED STATES DISCTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EATON,<br><br>      Plaintiff,<br><br>vs.<br><br>CACH, LLC, MANDARICH LAW GROUP, and DOES 1 through 20,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Defendants have committed debt collection abuses against plaintiff Michael Eaton ("Eaton") a consumer and abused the California judicial process.

## DEFENDANTS AND VENUE

2. Plaintiff Michael Eaton is an individual and a resident of the State of California, County of Marin. Eaton is a resident of the Northern District of California.

3. Defendant CACH, LLC (CACH), is a Colorado Limited Liability Corporation doing business in the State of California. CACH is a debt buyer which buys portfolios of distressed purported debt from various creditors. At all times relevant, CACH has transacted and continues to transact business throughout California, including Marin County.

4. Defendant the Mandarich Law Group ("Mandarich") is a California Corporation. Mandarich is a debt collector and one of the law firms that represents CACH.

5. Plaintiff is not aware of the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, and, therefore, sues these defendants by such fictitious names. Each factiously named defendant is responsible in some manner for the violation of law alleged. Plaintiff will amend this Complaint to add the true names of the fictitiously named defendants once they are discovered. Whenever reference is made in this Complaint to "Defendants," such reference shall include Does 1 through 100 as well as the named defendants.

6. At all times relevant, each Defendant acted individually and jointly with every other named Defendant in committing all acts alleged in this Complaint.

7. At all relevant times, each Defendant acted: (a) as principal; (b) under express or implied agency; and/or (c) with actual or ostensible authority to perform the acts alleged in this Complaint on behalf of every other named Defendant.

8. At all relevant times, some or all Defendants acted as the agent of the others, and all Defendants acted within the scope of their agency in acting as an agent of another.

9. At all relevant times, each Defendant knew or realized, or should have known or realized, that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in such unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

10. Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violation of law alleged in this Complaint. The conspiracy, common enterprise, and common course of conduct continue to the present.

11. The violations of law alleged in this Complaint occurred in the County of Marin, State of California, and Northern District of California.

12. In all of the acts alleged herein, during all relevant times, all of the Defendants in this case were doing business in the Northern District of California, and all of the Defendants were also engaged in interstate commerce and transported in interstate commerce the proceeds of their schemes.

13. This Court has jurisdiction over all of the parties to this case, and venue is proper in the Northern District of California.

14. Congress has authorized jurisdiction in federal district courts "of all civil actions arising under the Constitution and laws of the United States." (28 U.S.C. section 1331.)

## **FACTS**

15. This Complaint is brought to protect the rights of California consumer Mr. Eaton and seeks compensation for his having suffered unnecessary and severe stress, worry, and concern and

his having to incur attorneys' fees and costs resulting in debt to him and damage to his credit. Plaintiff requests statutory damages, actual damages, exemplary damages, and an award of costs and attorney fees.

16. Plaintiff herein was sued in the superior court of California county of Marin, by Defendant CACH for an alleged debt.  (*CACH, LLV v. Michael O. Eaton*, Super. Ct. Marin., 2012, No. CIV 1201927.)

17. In order to lessen the burden, stress and expense of further litigation which included two days of trial with the Defendants, and without admitting any liability, wrongdoing, or fault, to the Defendants, Eaton decided to enter into a Court supervised settlement which was set forth before the superior court.

18. The superior court examined on the record both Eaton and CACH for their understanding and agreement to be bound by the settlement;

- Each side, Eaton and CACH, affirmed their knowledge of the terms of the settlement and their agreement to be bound, and
- The superior court then approved the settlement and ordered each side to comply with the terms thereof.

19. No judgment was entered against Eaton herein.

20. Plaintiff herein, diligently complied with the terms of the settlement reached by the parties before the superior court and began diligently making his monthly payments on the date agreed upon by the parties.

21. Despite the foregoing, CACH, LLC and Mandarich commenced threatening Eaton with the "invalidation" of the settlement set forth above.  In correspondence sent to plaintiff herein, Mandarich demanded that Eaton sign certain documents by which CACH and Mandarich would be released from any and all liability for their wrongful acts as set forth in this

COMPLAINT FOR DAMAGES

Complaint. When Eaton did not comply with these demands, Mandarich threatened Eaton with another "prosecution" of the purported debt. Mandarich threatened Eaton with re-prosecution within 10 days of September 05, 2014 if he did not comply with their demands. Mandarich further threatened Eaton that they would seek all legal remedies on behalf of CACH which signified that Eaton will become further liable for thousands upon thousands of dollars more to CACH.

22. At this juncture it is unknown what further prosecutions have been undertaken by CACH and Mandarich against Eaton.

23. Plaintiff remains filled with worry, fear, and emotional distress and has incurred further legal expenses and has become further indebted in attempting to deal with these threats and unlawful demands.

24. Moreover, CACH, LLC commenced sending Eaton letters at his home falsely informing him that he was not complying with the superior court agreement and demanding thousands of dollars more from Eaton than was agreed to by the settlement recorded before the superior court. CACH's acts caused Eaton to suffer further extreme emotional distress, loss of quality of life and incur further debt for attorney fees and costs.

25. The Defendants intentionally, maliciously, willfully, and wantonly injured Eaton financially and emotionally in pursuit of defendants' scheme to extract greater sums of money from him and re-prosecute him.

## LEGAL CLAIMS

## COUNT I

Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)
(*Brought by Michael O. Eaton Against CACH, LLC and the Mandarich Law Group and Does 1 to 100.*)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27. On or about September 05, 2014, defendant Mandarich sent to Plaintiff a letter entitled "Avoid Invalidating Your Settlement" which referenced the superior court case set forth herein.

28. Further language in the above referenced correspondence to the plaintiff stated:

> At this time we do not consider the settlement to be valid despite any payments that may have been made on the above-referenced account. As a courtesy and our final effort to finalize settlement in this matter, we request that you sign and return the Stipulation to this office within 10 days of the date of this letter or we will move forward with prosecuting this case and seek all legal remedies that are available to our client.

29. The correspondence referenced above was a single page letter. There were no attachments or enclosures to that correspondence.

30. Eaton has diligently complied with all terms of the settlement entered into by the parties before the superior court. To date Eaton has made monthly payments to CACH in excess of thousands of dollars, which defendant Mandarich has invalidated as per their correspondence dated September 5, 2014.

31. The terms of the settlement agreement that exists between the parties does not contain a requirement or a provision that Eaton is required to sign a stipulation with CACH or Mandarich. Nor does the agreement recorded before the superior court contain a provision

that an invalidation of the agreement shall occur should Eaton not sign documents from Mandarich or CACH.

32. The agreement recorded before the superior court by the parties requires that Eaton pay defendants the total sum of $2,800 in monthly payments.  That agreement does not contain a provision that the sum of $2,800 will increase should Mr. Eaton not sign documents created by Mandarich months after the parties resolved this matter on the record before the superior court.  The agreement recorded before the superior court also does not contain a provision that Eaton can be re-prosecuted for this purported debt should he not sign documents manufactured months later by defendants CACH and Mandarich.

33. At all times relevant attorneys from Mandarich knew or should have known that Eaton and CACH entered into a valid and enforceable settlement agreement before the superior court and that Eaton was fully complying with the terms of the stipulation made before the superior court.  Defendant attorneys from Mandarich also know or should know that Eaton cannot be forced or threatened to sign any documents; that Eaton's payments are not invalidated and that CACH and Mandarich cannot re-prosecute Mr. Eaton for a matter that has been resolved before the superior court.

34. Defendants' CACH and Mandarich, violated the FDCPA by using, false deceptive, or misleading representations or means in connection with collection of a debt; falsely representing the character, amount, or legal status of the debt, and threatening to take an action that cannot legally be taken or is not intended to be taken.

35. Defendants have further violated the FDCPA in that although the above referenced correspondence is signed by an attorney, no attorney has executed any independent legal judgment in sending the correspondence, and no attorney has even reviewed the file of the plaintiff to determine if the letter is accurate.

36. These actions caused the plaintiff to suffer unnecessary and severe stress worry, and concern and to incur attorneys' fees and costs resulting in further debt. Plaintiff requests statutory damages, actual damages, treble damages, exemplary damages, and an award of costs and attorney fees.

## COUNT II

Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)
(*Brought by Michael O. Eaton Against CACH, LLC and the Mandarich Law Group and Does 1 to 100.*)

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. On or about April 29, 2014 and May 06, 2014 defendant CACH, LLC sent to plaintiff a letter entitled "Receipt of Payment." This letter was sent directly to the plaintiff's home despite the fact that Eaton was at all relevant times in this action, represented by counsel.

39. Further language in the above referenced letter stated: "BALANCE AFTER PAYMENT APPLICATION: CURRENT BALANCE AFTER PAYMENT IS CREDITED $5,766.33."

40. To date, Eaton has diligently complied with all terms and provisions of the settlement entered into by the parties in this matter before the superior court and he has made monthly payments totally thousands of dollars.

41. As such, the balance demanded by CACH of $5,766.33 exceeds the amount that Eaton agreed to pay CACH in the settlement before the superior court by $3,926.33 in favor of CACH. The figure of $5,766.33 is also false and misleading.

42. Defendants violated the FDCPA by failing to make meaningful disclosure of its identity in communications to collect a debt, using, false deceptive, or misleading representations or means in connection with collection of a debt; failing to disclose in subsequent

communications that the communication was from a debt collector; falsely representing the character, amount, or legal status of the debt.

43. These actions caused Eaton to suffer unnecessary and severe stress worry, and concern and to incur attorneys' fees and costs resulting in further debt. Plaintiff requests statutory damages, actual damages, treble damages, exemplary damages, and an award of costs and attorney fees.

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiff, respectfully requests that judgment be entered against Defendants for all damages to which he is entitled under Federal law and California law as follows:

a. Actual damages in an amount to be determined by trier of fact.

b. Statutory damages as determined by the trier of fact.

c. Costs and reasonable attorneys' fees

d. Punitive damages.

e. Such and other further relief as the Court may deem just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demand trial by jury of all of the issues in this action.

Dated this 20TH day of April 2015.                    Respectfully submitted,

**PARMENTER LAW OFFICES**
By: /s/ L.M. Parmenter
L.M. Parmenter
Attorney for Plaintiff
**MICHAEL O. EATON**

9

COMPLAINT FOR DAMAGES